### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN OWENS, and<br>MICHAEL TYNSKI | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 07 C 4900 |
| | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | |
| and Chicago Police Officers BRIAN | ) | Judge NORGLE |
| JOSEPHS (15576), PATRICK KANE | ) | |
| (5036), CHRISTOPHER PALUCH, and | ) | Magistrate Judge DENLOW |
| one other UNKNOWN CHICAGO POLICE | ) | |
| OFFICER, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

### SECOND AMENDED COMPLAINT

Plaintiffs, JONATHAN OWENS and MICHAEL TYNSKI, ("Plaintiffs"), by and through one of their attorneys, Jeffrey B. Granich, makes the following complaint against Defendants, CITY OF CHICAGO, ("Defendant City"), Chicago Police Officers BRIAN JOSEPHS, PATRICK KANE and one other UNKNOWN OFFICER ("Defendant Officers"), and CHRISTOPHER PALUCH ("Defendant Sergeant"):

### JURISDICTION & VENUE

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3.      Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4.      At all relevant times, Plaintiff JONATHAN OWENS was an 18 year-old disabled, male resident of Chicago, Illinois.

5.      At all relevant times, Plaintiff MICHAEL TYNSKI was a 17 year-old male resident of Chicago, Illinois.

6.      At all relevant times, Defendant OFFICERS and Defendant SERGEANT were Chicago Police Officers, employed by the City of Chicago, and acting under color of law and within the scope of their employment with Defendant City.

7.      Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was, at all relevant times, the employer and principal of Defendant Officers.

## FACTS

8.      On or about March 3, 2007, at approximately 11:45 p.m., Plaintiffs were again riding in Plaintiff OWENS' car with another friend, Theresa Hillman, near the location of 6206 W. 64th Place, Chicago, Illinois.

9.      At all relevant times, Plaintiffs and their friend were acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

10.    At or about this time, Defendant Officers JOSEPHS and KANE pulled Plaintiff OWENS' vehicle over.

11.    Defendant Officers JOSEPHS and/or KANE approached Plaintiff OWENS' car and ordered Plaintiff OWENS to open the driver's side door and get out.

12.    As Plaintiff OWENS began to open the door, Defendant Officers JOSEPHS and/or KANE grabbed Plaintiff OWENS and threw him to the ground, struck him several times in the back, kicked him in the side and placed him in handcuffs.

13.    At some point, a third UNKNOWN OFFICER, arrived on the scene and joined in the above-described beating of Plaintiff OWENS.

14.    While Plaintiff OWENS was handcuffed and on the ground, one or more of these three Defendant Officers struck Plaintiff OWENS in the head with a flashlight.

15.    At some time during the above-described assault & battery of Plaintiff OWENS, one of these three Defendant Officers opened the passenger side door of Plaintiff OWENS' car, and grabbed Plaintiff TYNSKI, who was seated in the front passenger seat.  This Defendant Officer pulled Plaintiff TYNSKI from the car causing his body to strike a nearby pole.  This Defendant Officer then struck Plaintiff TYNSKI's head against the car window and handcuffed him.

16.    At this time, UNKNOWN OFFICER, grabbed and pulled at Plaintiff TYNSKI's eyebrow piercing while yelling threats at him.

17.    Then one of these three Defendant Officers removed Plaintiff TYNSKI's handcuffs and ordered him to leave in an offensive manner.  Plaintiff TYNSKI complied and walked home.

18.    One of these three Defendant Officers then removed Plaintiff OWENS'
       handcuffs, and gave him some napkins to wipe the blood off of his face and head,
       and then told him not to leave the scene of the incident until his head stopped
       bleeding. One of them also told Plaintiff OWENS that if he told anyone about
       what had happened, his car would be impounded.

19.    At some time during the above-described events, one of the Defendant Officers
       ordered Hillman out of the car and told her to leave the scene.

20.    As she left, Hillman called 911, reported what had happened, and asked the
       dispatcher to send assistance for her friends.

21.    Sometime thereafter, Defendant SERGEANT arrived on the scene and
       interviewed Plaintiff OWENS and Hillman. Despite being informed    of    the
       assault and battery of Plaintiffs by the Defendant Officers, Defendant
       SERGEANT did nothing to assist Plaintiffs, identify Defendant Officers,    or    to
       document Plaintiff's complaints and injuries.

22.    Soon thereafter, Plaintiffs went to Christ Hospital to be treated for numerous
       bruises, cuts, and lacerations, inflicted upon them by Defendant Officers KANE,
       JOSEPHS and UNKNOWN OFFICER.

23.    Plaintiffs were not charged with any crime nor issued any traffic    citations    on
       March 3, 2007.

### COUNT I – §1983 Unlawful Search & Seizure

24.    Plaintiffs re-allege paragraphs 1 through 23 as if fully restated here.

25.    As described more fully above, on or about March 3, 2007, Defendant Officers
       JOSEPHS, KANE and/or UNKNOWN OFFICER, unlawfully searched and

detained Plaintiffs without a warrant or any other lawful justification to do so in violation of the Fourth Amendment of the Constitution of the United States.

26.     Each of these three Defendant Officers had a reasonable opportunity to intervene to prevent their fellow officers' misconduct as described above, but failed to do so.

27.     As a direct and proximate result of these Defendant Officers' misconduct, Plaintiffs have suffered physical and emotional damages, which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers, in a fair and just amount sufficient to compensate them for the injuries they suffered, plus, Plaintiffs seek a substantial sum in punitive damages against these Defendants, as well as costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT II – §1983 Excessive Force

28.     Plaintiffs re-allege paragraphs 1 through 23 as if fully restated here.

29.     As described more fully above, on or about March 3, 2007, Defendant Officers JOSEPHS, KANE and/or UNKNOWN OFFICER, used unreasonable and excessive force on Plaintiffs in violation of the Fourth Amendment of the United States' Constitution.

30.     Each of these three officers had a reasonable opportunity to intervene to prevent their fellow officers' misconduct as described above, but failed to do so.

31.     As a direct and proximate result of this misconduct, Plaintiffs have suffered physical, emotional and other damages, which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers, in a fair and just amount sufficient to compensate Plaintiffs for the injuries they suffered, plus, Plaintiffs seek a substantial sum in punitive damages against these Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT III – Illinois False Imprisonment

32. Plaintiffs re-allege paragraphs 1 through 23 as if fully restated here.

33. As more fully described above, on or about March 3, 2007, Defendant Officers JOSEPHS, KANE and UNKNOWN OFFICER, unlawfully seized and detained Plaintiffs without a warrant, or any other legal justification and against their will. This detention and seizure was in violation of Plaintiffs' rights secured under the laws of the state of Illinois. These Defendant Officers' false imprisonment of Plaintiffs was undertaken maliciously, willfully and wantonly.

34. As a direct and proximate cause of this misconduct, Plaintiffs have suffered physical, emotional and other damages, which will be proven at trial.

35. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

36. At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate them for the injuries

they suffered, as well as costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### COUNT IV – Illinois Battery

37. Plaintiffs re-allege paragraphs 1 through 23 as if fully restated here.

38. As more fully described above, on or about March 3, 2007, Defendant Officers JOSEPHS, KANE and UNKNOWN OFFICER maliciously, willfully, wantonly, and without lawful justification or authority caused physical injuries to the disabled Plaintiff OWENS and Plaintiff TYNSKI.

39. As a direct and proximate cause of this misconduct, Plaintiffs have suffered physical, emotional and other damages, which will be proven at trial.

40. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

41. At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiffs pray for judgment against the Defendant Officers and Defendant City in a fair and just amount sufficient to compensate them for the injuries they suffered, plus costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### COUNT V – § 1983 Conspiracy

42. Plaintiffs re-allege paragraphs 1 through 41 as if fully restated here.

43.     Defendant Officers and Defendant SERGEANT, expressly or impliedly reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiffs.

44.     Defendant SERGEANT by action or omission expressly or impliedly agreed to assist Defendant Officers in their violation of Plaintiffs' constitutional rights failing to report or properly and fully investigate the misconduct as described above.

45.     Acting in furtherance of this plan and conspiracy, Defendant Officers did commit overt acts, as more fully alleged in the preceding paragraphs.

46.     As a direct and proximate cause of this misconduct, Plaintiffs have suffered physical, emotional and other damages, which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers and Defendant SERGEANT in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, plus, a substantial sum in punitive damages against these Defendants, as well as costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VI:  Policy Claim

47.     Plaintiffs re-allege paragraphs 1 through 46 as if fully restated here.

48.     The misconduct described in the preceding counts was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.      As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiffs; specifically, Chicago Police Officers accused of misconduct are aware that the Chicago Police Department will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.      As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiffs on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a code of silence in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case, and just as Defendant Sergeant failed to report the misconduct of Defendant Officers;

e.      The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.      As a matter of express policy, the City of Chicago does not retain records more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

g.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless of the number of times an officer is accused of the same misconduct, the Chicago Police Department is forbidden by the City from considering those allegations if they are deemed "unsustained"; and

h.      The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

49.     As a result of Defendant City's policies and practices, Plaintiffs constitutional rights were violated by Defendant Officers and Defendant Sergeant in the manner

described above causing Plaintiffs to suffer physical, emotional damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant City, on all Plaintiffs' federal claims, in a fair and just amount sufficient to compensate them for the injuries they have suffered, as well as costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

JONATHAN OWENS, and
MICHAEL TYNSKI,
Plaintiffs


By:    /s/ Jeffrey B. Granich
       Attorney for Plaintiffs

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030